**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In Re:<br><br>ERIC OMAR MONELL SANES<br><br>XXX-XX-5702<br><br>Debtor | **Case No.: 13-01300 (BKT)**<br><br>Chapter 13 |

**OBJECTION TO "DEBTOR'S MOTION REQUESTING ORDER RE:
AUTHORIZATION TO USE FUNDS FROM 2015 TAX REFUND (DOCKET NO. 59)**

**TO THE HONORABLE COURT:**

**NOW COMES** José R. Carrión, Standing Chapter 13 Trustee (hereinafter, the "Trustee"), through the undersigned attorney, and very respectfully states and requests:

1. On February 22, 2013, Debtor filed a voluntary petition under the Chapter 13 of the Bankruptcy Code.

2. The confirmed Chapter 13 Plan dated April 14, 2016 (Docket No. 54) states that:

> "Tax refund will be devoted each year, as periodic payments, to the Plan's funding until Plan completion. The plan shall be deemed modified by such amount, without the need of further Court Order. The Debtor(s) shall seek Court's authorization prior to any use of funds" Id.

3. On November 30, 2016, Debtor filed a motion requesting an Order allowing Debtor to retain the 2015 tax refund in the amount of $1,536.63. (Docket No.59). Debtor explained he need the 2015 tax refund for house maintenance and car repair. In the motion, debtor included an invoice for the purchase of a car battery and a quote for the sealing of his property's roof. Id.

4. The Trustee does not object the use of $161.51 for the repair of the vehicle, however, the Trustee objects Debtors' request for the use of part of the 2015 tax refund to seal the property roof.

5. As explained below, by requesting the use of the 2014, tax refunds: (a) the Debtors are not complying with the terms of the Plan in violation of 11 U.S.C. §1327; (b) the Debtors are not submitting all their disposable income to fund the plan, in violation of 11 U.S.C. §1322(a) and §1325(b)(1)(B).

6. First of all, it is very clear that a confirmed plan binds debtor and creditors. To that effect, 11 U.S.C. §1327(a) states that "[t]he provision of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."

7. Furthermore, the Courts have been very clear that the doctrine of *res judicata* applies to confirmed Chapter 13 plan. See, Brown v. Templeton (In re: Cole, 356 Fed. Appx. 732, 737 (5th Cir. 2009), citing Traveler Indemnity Co. v. Bailey, 129 S.Ct. 2195 (2009) ("We therefore hold that *res judicata* applies to the confirmed plan in this case). See also, Sun Fin. Co. v. Howard (In re: Howard), 972 F. 2d 639, 641 (5th Cir. 1992)("A confirmed Chapter 13 plan is *res judicata* as to all parties who participate in the confirmation process.")

8. In light of the above, it is clear that the Debtors are obligated by the provisions of the Plan, and, therefore, must submit to the Trustee the tax refund received, as stated in the same.

9. Furthermore, this Honorable Court should consider that this is not debtor's first request to use the tax refund for the sealing of his property's roof.

10. The first time Debtor requested authorization to use the tax refund to seal the property's roof was on September 16, 2013. (Docket No. 13)

11. Later, in the motion requesting authorization to use the 2014 tax refund filed on February 15, 2016 (Docket No. 42) debtor requested for a second time authorization to use the tax refund to seal his property's roof. In light of this, it is clear that Debtor does not need to retail portion of the 2015 tax refund for the sealing of this property's roof.

12. It should be noted that all motions requesting authorization to retain the tax refund for the sealing of the property's roof includes a quote from the same company as evidence of the "necessary expense".

13. In light of the aforementioned, the Trustee is not in position to conclude if the 2015 income tax refund is necessary and requests the entry of an Order directing Debtor to submit to

Trustee the amount of $1,375.12 of the 2015 tax refund within 14 days.

**WHEREFORE**, the Trustee respectfully requests this Honorable Court to take notice of the above mentioned, deny Debtor's request to retain all the 2015 tax refund enter an order Debtor to submit to Trustee the amount of $1,375.12 of the 2015 tax refund within 14 days.

**RESPECTFULLY SUBMITTED**

**NOTICE IN COMPLIANCE WITH LBR 9013-1 (h)**

Claimants and Parties in Interest please be advised that: within 14 days after service as evidenced by the certification, and an additional 3 days pursuant to Fed. R. Bank. P. 9006 (f) if you were served by mail, any party against whom this motion has been served, or any other party to the action who objects to the relief sought herein, shall file and serve an objection or other appropriate response to this paper with the Clerk's Office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the motion will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, in interest of justice requires otherwise. If you file a timely response, the Court may – in its discretion– schedule a hearing.

**NEGATIVE CERTIFICATION PURSUANT TO SECTION 201(B)(4) OF THE SERVICEMEN'S CIVIL RELIEF ACT OF 2003:** I hereby declare according to the attached certification(s), provided by the Department of Defense Manpower Data Center (DMDC), the Debtor(s) is (are) not in active duty or under call to active duty as a member(s) of the ARMY, NAVY, or AIR FORCES of the United States of America; the National Guard; the Public Health Service or the National Oceanic and Atmospheric Administration.

**CERTIFICATE OF SERVICE:** The Chapter 13 Trustee certifies that today, this document has been filed using the Court's CM/ECF System, which will provide electronic notice of the same to all appearing parties that are CM/ECF participants and that copy of this motion has been served by regular U.S. Mail on this

same date to: the DEBTOR(s), his attorney and to all Creditors and Parties in Interest to their respective address of record as they appear in the attached master address list to the address of record, if not an ECFS register user.

In San Juan, Puerto Rico, this 5th day of December 2016.

**/S/ Mayra M. Argüelles-Álvarez**
Staff Attorney
USDC-PR No. 228304
JOSE R. CARRIÓN-MORALES
CHAPTER 13 TRUSTEE
P.O. Box 9023884
San Juan, P.R. 00902-3884
Tel (787) 977-3535
Fax (787) 977-3550



Department of Defense Manpower Data Center
Results as of : Dec-02-2016 08:23:45 AM
SCRA 3.0

Status Report
Pursuant to Servicemembers Civil Relief Act

Last Name: **MONELL SANES**
First Name: **ERIC**
Middle Name: **OMAR**
Active Duty Status As Of: **Dec-02-2016**

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q33) via this URL: https://scra.dmdc.osd.mil/faq.xhtml#Q33. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

## Certificate ID: U4300B9FK4760C0

CERTIFICATE OF MAILING

The undersigned hereby certifies that a true copy of the foregoing document was
mailed by first class mail to the parties listed below:

| | |
|---|---|
| JOSE R. CARRION<br>PO BOX 9023884, OLD SAN JUAN STATION<br>SAN JUAN, PR 00902 | MARIA DE LOS ANGELES GONZALEZ, ESQ.<br>US POST OFFICE & COURTHOUSE<br>300 RECINTO SUR ST., SUITE 109<br>OLD SAN JUAN, PR 00901 |
| ROBERTO FIGUEROA CARRASQUILL*<br>PO BOX 193677<br>SAN JUAN, PR 00919-3677 | DEPARTMENT OF TREASURY<br>PO BOX 9024140<br>SAN JUAN, PR 00902 |
| UNEMPLOYMENT INSURANCE<br>PUERTO RICO DEPT OF LABOR<br>12 FLOOR 505 MUNOZ RIVERA AVE. | ERIC OMAR MONELL SANES<br>ESTANCIAS DE LA CEIBA<br>505 RAFAEL HERNANDEZ STREET<br>JUNCOS, PR 00777 |
| AMERICAN INFOSOURCE LP<br>AS AGENT FOR MIDLAND FUNDING LLC<br>PO BOX 268941<br>OKLAHOMA CITY, OK 73126-8941 | BANCO POPULAR DE PUERTO RICO<br>BANKRUPTCY DEPARTMENT<br>G.P.O. BOX 36-6818<br>SAN JUAN, PR 00936 |
| BANCO POPULAR DE PUERTO RICO<br>MORTGAGE SERVICE DEPT 762<br>PO BOX 362708<br>SAN JUAN, PR 00936-2708 | CACH LLC<br>4340 S MONACO ST UNIT 2<br>DENVER, CO 80237 |
| CITIFINANCIAL<br>300 SAINT PAUL PL<br>BALTIMORE, MD 21202 | DORAL BANK<br>C/O ROSAMAR GARCIA FONTAN<br>PO BOX 363507<br>SAN JUAN, PR 00936-3507 |
| HARDVARD COLLECTION SERVICE<br>4839 N ELSTON AVE<br>CHICAGO, IL 60630-2534 | HOME DEPOT<br>PO BOX 6497<br>SIOUX FALLS, SD 57117-6497 |
| MIDLAND FUNDING LLC<br>BY AMERICAN INFOSOURCE LP AS AGENT<br>ATTN DEPARTMENT 1<br>PO BOX 4457 | PR ACQUISITIONS LLC<br>PO BOX 194499<br>SAN JUAN, PR 00919-4499 |
| RELIABLE FINANCIAL SERVICES<br>PO BOX 21382<br>SAN JUAN, PR 00928-1382 | RELIABLE FINANCIAL SERVICES<br>C/O CARLOS E PEREZ PASTRANA<br>PO BOX 21382<br>SAN JUAN, PR 00928-1382 |
| SALLIE MAE INC ON BEHALF UNITED STUDENT AID FUNI<br>ATTN BANKRUPTCY LITIGATION UNIT E3149<br>PO BOX 9430<br>WILKES BARRE, PA 18773-9430 | SALLIE MAE INC ON BEHALF UNITED STUDENT AID FUNI<br>ATTN DEPOSIT OPERATIONS<br>PO BOX 6180<br>INDIANAPOLIS, IN 46206-6180 |
| SANTANDER FINANCIAL<br>PO BOX 3711357<br>CAYEY, PR 00737 | SEARS<br>PO BOX 6189<br>SIOUX FALLS, SD 57117-6189 |

```
VAPR FEDERAL CREDIT UNION              VAPR FEDERAL CREDIT UNION
C/O LUIS YAMIL RODRIGUEZ SAN MIGUEL    C/O ISAYRA BAGUE DIAZ ESQ
PMB 256                                PMB 181
PO BOX 4952                            PO BOX 4952
```

```
WESTGATE VACATION WILLAS XVII
4000 WESTGAGE BOULEVARD
KISSIMMEE, FL  34747
```

DATED:  December 05, 2016                    FSanchez
                                             _____
                                             OFFICE OF THE CHAPTER 13 TRUSTEE